IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PANIPAL GIWARGIS, individually and on behalf )
of all others similarly situated, )
)
        Plaintiff, )
) No. 12 CV 1945
v. )
) Hon. Charles R. Norgle
GREEN TREE SERVICING, LLC and )
DOES 1-20, )
)
        Defendants. )

**OPINION AND ORDER**

Before the Court is Defendant Green Tree Servicing, LLC's ("Defendant") motion to dismiss Plaintiff Panipal Giwargis's ("Plaintiff") putative class action complaint: (1) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and (2) pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted. For the following reasons, the motion is granted.

I.    **BACKGROUND**

Following Plaintiff's default on his mortgage, Defendant filed a foreclosure action against Plaintiff in Illinois state-court on April 29, 2010. See Green Tree Servicing, LLC v. Giwargis, No. 10-CH-18501 (Ill. Cir. Ct. filed Apr. 29, 2010). While a special process server attempted to serve Plaintiff with the foreclosure action at the address of the subject property, the process server was informed that Plaintiff was an "absentee owner" who had rented the property, and that Plaintiff had been out of the country for some time. See Def.'s Mem. in Supp. of Its Mot. to Dismiss Ex. 2. Defendant claims that, because the property appeared to be abandoned, it took steps during the foreclosure proceedings to

"secure and winterize" Plaintiff's property in March of 2011. Id. at 3. In his Complaint, Plaintiff alleges that this process included wrongfully changing the locks, putting lock boxes on his doors, disabling the utilities, and clearing out the refrigerator. Compl. ¶¶ 29-31. Plaintiff further alleges that during this entry, Defendant or its agents "removed, damaged, and/or destroyed" items of personal property including an iPad, an external hard drive, and a keyless entry for his automobile. Id. ¶ 31. While Plaintiff maintains that this entry was unlawful as the foreclosure proceeding was still pending, Defendant contends that it acted in accordance with both the provisions of Plaintiff's mortgage agreement, which allowed the lender to secure and repair the property if abandoned, and a local ordinance requiring the maintenance of vacant structures. See Def.'s Mem. in Supp. of Its Mot. to Dismiss Ex. 3, at p. 7, ¶ 9; id. at Ex. 5.

On April 11, 2011, Plaintiff appeared pro se at a hearing in the foreclosure action and informed the state-court that his locks had been changed by a third-party, Five Brothers—who he now refers to as Defendant's agents. In response, the court continued the matter and ordered Defendant (the plaintiff in the foreclosure action) to provide answers to the following questions at the next hearing: (1) "Who is Five Brothers?," (2) "What is the basis for Five Brothers entering and winterizing the subject property?," and (3) By what authority did Five Brothers enter and winterize?". Id. at Ex. 4. The court also ordered that the lock box be removed and that Plaintiff be given keys to the subject property within 72 hours. Id.

The foreclosure suit proceeded and, on July 19, 2011, an attorney filed an appearance on behalf of Plaintiff. On September 7, 2011, Defendant obtained a judgment for foreclosure and sale against Plaintiff. Id. at Ex. 1. The judgment included a $470.00

award for property maintenance fees. Id. Plaintiff did not file a timely appeal of the foreclosure judgment in state-court.

On March 16, 2012, Plaintiff filed a six-count putative class action complaint against Defendant in this Court for conversion, trespass to chattels, trespass to land, violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/2, *et seq.*, and for declaratory and injunctive relief. Defendant now moves to dismiss Plaintiff's Complaint, arguing lack of subject matter jurisdiction based on the Rooker-Feldman doctrine and failure to state a claim based on res judicata. The motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

"Subject matter jurisdiction is a threshold question, the first question in every case, because without jurisdiction the court cannot proceed at all." In re ALT Hotel, Inc., 479 B.R. 781, 805 (Bankr. N.D. Ill. 2012) (internal quotation marks and citations omitted). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." Travelers Prop. Cas. v. Good, 689 F.3d 714, 722 (7th Cir. 2012). If a party makes a facial challenge to subject matter jurisdiction, "the court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss and assumes for purposes of the motion that the allegations in the complaint are true." Sanchez v. OneWest Bank, FSB, No. 11 CV 6820, 2012 WL 2929749, at *1 (N.D. Ill. July 18, 2012). However, "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the

evidence." LM Ins. Corp. v. Spaulding Enters., 533 F.3d 542, 547 (7th Cir. 2008) (quoting Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)).

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Indep. Trust Corp., 665 F.3d at 934 (internal quotation marks and citation omitted). Legal conclusions or elements of the cause of action, however, "may be disregarded on a motion to dismiss." McCauley v. City of Chi., 671 F.3d 611, 617 (7th Cir. 2011). "Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (internal quotation marks and citation omitted). "It is true that res judicata is not one of the affirmative defenses that Rule 12(b) permits to be made by motion rather than in the answer to the complaint. But when an affirmative defense is disclosed in the complaint, it provides a proper basis for a Rule 12(b)(6) motion." Sledge v. Bellwood Sch. Dist. 88, No. 12-1569, 2012 WL 5440074, at *2 (7th Cir. Nov. 7, 2012) (internal quotation marks and citation omitted).

## B. Motion to Dismiss

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) for lack up subject matter jurisdiction in accordance with the Rooker-Feldman

doctrine. Defendant further contends that any remaining claims are barred by res judicata (claim preclusion) and should be dismissed pursuant to Rule 12(b)(6).

### 1. *Rooker-Feldman Doctrine*

"The Rooker-Feldman doctrine is jurisdictional in nature" and "prevents lower federal courts from reviewing state-court judgments, over which only the United States Supreme Court has federal appellate jurisdiction." Crawford v. Countrywide Home Loans, Inc., 647 F.3d 642, 645 (7th Cir. 2011). "This narrow doctrine deprives federal district and circuit courts of jurisdiction to hear 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Commonwealth Plaza Condo. Ass'n v. City of Chi., 693 F.3d 743, 745 (7th Cir. 2012) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). However, "[t]he doctrine does not prevent state-court losers from presenting independent claims to a federal district court, even if the new claims involve questions related to those in the original state court proceedings." Crawford, 647 F.3d at 645; see also McDonald v. White, 465 F. App'x 544, 547 (7th Cir. 2012) ("[The Rooker-Feldman doctrine] allows plaintiffs to litigate in the federal system if they were not afforded a reasonable opportunity to raise their claims in state court" (internal quotation marks and citations omitted)).

In several claims throughout the Complaint, Plaintiff requests, *inter alia*, relief from charges for the cost of "locking [him] out of [his] property, and performing other default property services," Compl. ¶ 86, and "an accounting of any charges levied to [his]

home loan account[] by Defendants for work performed in the course of Defendants' above-described unlawful home entries and lockouts," id. ¶ 94.

Defendant contends that these costs were property maintenance fees, charged to Plaintiff as part of the judgment in the state-court foreclosure action. Indeed, an affidavit attached to the state-court Judgment for Foreclosure and Sale provides that $470.00 of the judgment is derived from property maintenance fees. Def.'s Mem. in Supp. of Its Mot. to Dismiss Ex. 1. Specifically, Defendant alleges that the property maintenance fees recovered in the state-court judgment covered the costs incurred in securing and "winterizing" Plaintiff's property. According to Defendant, a process server in the foreclosure action uncovered that Plaintiff was not residing at the property and had, in effect, abandoned it. As a result and in accordance with the provisions of the mortgage contract and local ordinance, Defendant alleges that it took the necessary steps to secure the property by "winterizing" it and changing the locks.

Defendant argues that this Court is without subject matter jurisdiction to hear Plaintiff's claims seeking recovery of the property maintenance fees because it would constitute an improper federal district court review of a portion of the state-court judgment. The Court agrees. To the extent that Plaintiff's claims seek recovery of property maintenance fees awarded to Defendant as part of the state-court judgment, those claims are barred by the Rooker-Feldman doctrine because the Court is without jurisdiction to review that judgment.

### 2. *Res Judicata*

Defendant further alleges that all remaining claims are precluded by the doctrine of res judicata and therefore the entirety of the Complaint should be dismissed. "'The

home loan account[] by Defendants for work performed in the course of Defendants' above-described unlawful home entries and lockouts," id. ¶ 94.

Defendant contends that these costs were property maintenance fees, charged to Plaintiff as part of the judgment in the state-court foreclosure action. Indeed, an affidavit attached to the state-court Judgment for Foreclosure and Sale provides that $470.00 of the judgment is derived from property maintenance fees. Def.'s Mem. in Supp. of Its Mot. to Dismiss Ex. 1. Specifically, Defendant alleges that the property maintenance fees recovered in the state-court judgment covered the costs incurred in securing and "winterizing" Plaintiff's property. According to Defendant, a process server in the foreclosure action uncovered that Plaintiff was not residing at the property and had, in effect, abandoned it. As a result and in accordance with the provisions of the mortgage contract and local ordinance, Defendant alleges that it took the necessary steps to secure the property by "winterizing" it and changing the locks.

Defendant argues that this Court is without subject matter jurisdiction to hear Plaintiff's claims seeking recovery of the property maintenance fees because it would constitute an improper federal district court review of a portion of the state-court judgment. The Court agrees. To the extent that Plaintiff's claims seek recovery of property maintenance fees awarded to Defendant as part of the state-court judgment, those claims are barred by the Rooker-Feldman doctrine because the Court is without jurisdiction to review that judgment.

### 2. *Res Judicata*

Defendant further alleges that all remaining claims are precluded by the doctrine of res judicata and therefore the entirety of the Complaint should be dismissed. "'The

doctrine of [res judicata or] claim preclusion is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps.'" Czariecki v. City of Chi., 633 F.3d 545, 548 (7th Cir. 2011) (quoting In re Ingersoll, Inc., 562 F.3d 856, 861 (7th Cir. 2009)) (alternation in original). "[Courts] apply state res judicata principles when the earlier action in question was decided in state court." Id. at 548 n.3. "The Illinois Supreme Court . . . deems a prior judgment conclusive not only to matters that were actually determined in the action resulting in that judgment, but also as to other matters that could have been raised and determined." Abner v. Ill. Dep't of Transp., 674 F.3d 716, 720 (7th Cir. 2012). "That rule applies to every question relevant to and falling within the purview of the original action, including any defense that could have been raised with due diligence." Id.

As an initial matter, Plaintiff argues that res judicata is inapplicable to the instant action because his claims could not have been brought in state-court as this Complaint was filed as a putative class action under the federal Class Action Fairness Act (the "CAFA"), 28 U.S.C. § 1332(d)(2). The Court rejects this argument because the CAFA does not affect the substantive claims brought under its jurisdiction. "A class action, no less than traditional joinder (of which it is a species), merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. . . . [I]t leaves the parties' legal rights and duties intact and the rules of decision unchanged." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1443 (2010). Accordingly, all of the individual claims Plaintiff raises in his Complaint could have been

brought in Illinois state-court,[1] and therefore, the claims may be subject to claim preclusion.

"In Illinois, claim preclusion requires: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies." Hayes v. City of Chi., 670 F.3d 810, 813 (7th Cir. 2012) (internal quotation marks and citation omitted). The parties do not dispute that the first and third factors are satisfied. There was a final judgment on the merits in the state-court foreclosure action and the parties in that action are the same as the parties here. However, Plaintiff disputes that there is an identity of cause of action under the second factor. In order to determine the second factor, the identity of cause of action, Illinois courts apply the transactional test. The transactional test "provides [that] 'the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.'" Id. (quoting Rodgers v. St. Mary's Hosp. of Decatur, 597 N.E.2d 616, 621 (Ill. 1992)). "In determining whether two complaints arose from the same transaction and operative facts, Illinois courts consider whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. (internal quotation marks and citations omitted).

---

[1] Plaintiffs claims based on Illinois common law (conversion, trespass to chattels, trespass to land, and declaratory and injunctive relief) and Illinois statutory law (the ICFA) could have been alleged in Illinois state-court. In addition, Plaintiff's federal claim pursuant to the FDCPA could have been alleged in Illinois state-court. See 15 U.S.C. § 1692k(d) ("An action to enforce liability created by this subchapter may be brought in any appropriate United States district court . . . or in any other court of competent jurisdiction.").

Defendant argues that Plaintiff's claims are derived from facts that occurred during the foreclosure proceeding before a final judgment and that such facts are directly related to the underlying state-court foreclosure. Namely, Plaintiff contested the conduct of what he now alleges to be an illegal entry or trespass in violation of both statutory and common law.

Plaintiff appeared before the state-court and informed it that the locks at his premises were changed. In response, the state-court ordered: (1) that the lock box be removed within 72 hours; (2) that Plaintiff be provided keys to the property; and (3) that Defendant (plaintiff in the state-court) provide an explanation as to who entered the property, why, and on what authority. See Def.'s Mem. in Supp. of Its Mot. to Dismiss Ex. 4 (Order, Apr. 11, 2011, Circuit Court of Cook County, Chancery Division, Judge Valderrama).[2] The state-court order shows that the operative facts alleged here, not only could have been, but in fact *were* litigated in the state-court. The Court notes that while originally proceeding pro se, Plaintiff was represented by counsel in the foreclosure action prior to final judgment.

Plaintiff's remaining claims—seeking damages, declaratory relief, and injunctive relief—arise out of the alleged unlawful entry and destruction of property that occurred during the foreclosure proceedings between the parties. According to Defendant, the entry, securing, and "winterization" of the property were lawful pursuant to the mortgage agreement in order to protect its interest in the property—the same mortgage agreement and property at issue in the foreclosure action. The state-court record reveals that the

---

[2] The Court may consider matters of pubic record and public court documents on a motion to dismiss. See Ennenga v. Starns, 677 F.3d 766, 773 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

underlying facts at issue here were addressed during the state-court foreclosure proceedings. As such, the facts are undoubtedly related in time, space, origin, and motivation. The facts also form a convenient trial unit, and "their treatment as a unit conforms to the parties' expectations" under the mortgage agreement. Hayes, 670 F.3d at 813.

The Court finds that there is an identity of cause of action as these are the same operative facts that were actually litigated, or could have been raised and determined by the state-court. See Stanley v. Hollingsworth, 307 F. App'x 6, 9 (7th Cir. 2008) (finding reasserted counterclaims from state-court foreclosure action barred by res judicata because the claims were merely repeated in federal court and finding claim for "force placing" insurance on plaintiff's home barred by res judicata because Plaintiff could have raised it in the foreclosure action and "advanc[ing] a federal law theory to support these claims does not undercut claim preclusion"); Dye v. Ameriquest Mortg. Co., 289 F. App'x 941, 944 (7th Cir. 2008) (applying the transactional test for claim preclusion under Wisconsin law and finding that plaintiff's claims before the bankruptcy court as well as claims under the Truth in Lending Act were subject to claim preclusion due to the prior state-court foreclosure action); Byrd v. Homecomings Fin. Network, 407 F. Supp. 2d 937, 945 (N.D. Ill. 2005) (finding that res judicata precluded plaintiff's claims under the Truth in Lending Act, Illinois common law and the ICFA, and the FDCPA as a result of the plaintiff's prior Illinois state-court foreclosure action). Accordingly, the Court finds that res judicata bars all of Plaintiff's claims.

### III. CONCLUSION

To the extent that Plaintiff complains of injuries and damages incurred as a result of the prior Illinois state-court foreclosure judgment, those claims are dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction in accordance with the <u>Rooker-Feldman</u> doctrine. The Court finds that all remaining claims are precluded by res judicata and are therefore dismissed pursuant to Rule 12(b)(6). Accordingly, the motion to dismiss is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: January 10, 2013